UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SONJA B. HENDERSON, ET AL.                                                               PLAINTIFFS

V.                                                                  CIVIL ACTION NO. 3:14CV332 DPJ-FKB

WEST JACKSON STUDENT HOUSING, LLC, ET AL.                            DEFENDANTS

ORDER

This negligence action is before the Court on motion of Defendants Campus Advantage and its employees for dismissal [10] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendants' motion [10] should be granted.

I.      Facts and Procedural History

This premises-liability action arises from the fatal shooting of Nolan Henderson at The Palisades @ E-City ("The Palisades"), an apartment complex adjacent to Jackson State University, on March 25, 2012.[1] Prior to the shooting, in July 2011, the Court appointed Defendant Campus Advantage as receiver of The Palisades, granting it the authority to manage, maintain, and operate the apartment complex. The need for a receiver was prompted by The Palisades' owner, West Jackson Student Housing, LLC's, inability to pay its indebtedness to Wells Fargo Bank, N.A.

On November 28, 2012, the Court terminated the receivership. Approximately one year later, Henderson's wrongful death beneficiaries filed this suit in state court against West Jackson

---

[1] Though not alleged in the Complaint, Plaintiffs explained that Henderson attended a party at the complex which led to a fight between Henderson and several JSU football players. Pls.' Resp. [18] at 2. Henderson left the premises, then returned with his cousin Jerrod Emerson. *Id.* "Emerson had a gun and fired several shots. One ricocheted and hit Henderson in the face, killing him." *Id.*

Student Housing, LLC, d/b/a The Palisades @ E-City; Campus Advantage; Quanda Odom, Arlando Clemons, and Starvel Williams (managers of The Palisades); and Dewaye Young d/b/a America's Master Security. Am. Compl. [1-4] at 22–24 (CMECF pagination). Plaintiffs allege that Defendants failed to provide a reasonably safe premises, failed to provide adequate security, and failed to warn of foreseeable dangers. *Id.* at 26–27.

Defendant Campus Advantage, joined by its employees Arlando Clemons, Starvel Williams, and Quanda Odom, removed the case to this Court.[2] These Defendants now move to dismiss, contending that the action is barred by the release of liability contained in the Court's November 28, 2012 Order terminating the receivership.

II. Jurisdiction

On November 6, 2014, the Court entered an Order to Show Cause to confirm the basis of subject-matter jurisdiction. In its Notice of Removal, Defendant cited the receivership and listed the All Writs Act, 28 U.S.C. § 1651, as the basis of jurisdiction. The Court expressed concern that the All Writs Act does not create original jurisdiction and pointed out that while Campus Advantage was the receiver at the time of the shooting, the receivership had been dissolved at the time the suit was filed. Order [15] at 1.

Defendants responded, persuasively arguing that jurisdiction is proper under 28 U.S.C. § 1442(a), which allows removal by an officer of a federal court. Defs.' Resp. [16] at 3–4. A receiver is considered an officer of the court. *Med. Dev. Int'l v. Cal. Dept. of Corr. & Rehab.*,

---

[2] This Court's docket does not reflect that West Jackson Student Housing, LLC or Dewayne Young have been served. The state-court docket shows that summons was issued as to these two Defendants, but does not indicate that summons was returned as executed. State-Court Rec. [1-4] at 2.

585 F.3d 1211, 1216 (9th Cir. 2009) (affirming district court's exercise of jurisdiction in action against receiver). And Plaintiffs' allegations are connected to Defendants' duties as receiver, specifically the management of the property. *Id.*; *see also Bell v. Thornburg*, 743 F.3d 84, 89–90 (5th Cir. 2014) (finding removal was proper and noting that the plaintiff's claims stemmed from actions taken in the course of the defendant's federal duties). Moreover, Plaintiff agrees that removal was proper. Pl.'s Resp. [18] at 4–5. The Court is therefore satisfied that it has subject-matter jurisdiction over this removed action.

III. Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation

3

that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556). Finally, the Court may take judicial notice of documents in the public record—such as the Court's order with respect to the receivership—without converting the motion to dismiss to a motion for summary judgment. *See generally Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005).

IV.   Analysis

Defendants submit that Plaintiffs' claims are barred by the release of liability contained in Court's November 28, 2012 Order terminating the receivership:

> If no objection to the Final Report is filed with the Court within thirty (30) days of the filing of such Final Report, then without further order, the Final Report shall be deemed approved, and Receiver shall be fully and forever released and *discharged from any and all liability as Receiver of Receivership Property*. Said release and discharge shall include any and all claims, cross-claims, counterclaims, causes, damages, and actions of every kind and character, and all suits, costs, damages, expenses, compensation, and liabilities of every kind, character, and description, whether direct or indirect, known or unknown, in law or in equity, that anyone has or will have against Receiver and/or any of Receiver's agents, representatives, officers, attorneys, professionals, employees, or contractors, on account of, arising, or resulting from or in any manner incidental to, the Receivership, Receivership Property, Receiver's possession and/or use of Receivership Property, the administration of the Receivership estate, and/or any acts or omissions of Receiver. Provided, however, that this release shall not include any claims, causes of action, or proceedings Defendant had against Receiver on or before July 8, 2011.

Order [1-2] at 8 (emphasis added). Plaintiffs do not dispute the language of the release. Instead, they urge the Court to disregard the release because: (1) Campus Advantage failed to provide notice of the receivership and therefore dismissal would violate Plaintiffs' Fourteenth Amendment due-process rights; and (2) the Order establishing the receivership excepted acts of gross negligence from any immunity.

4

      A.      Due-Process Rights

Plaintiffs believe that Campus Advantage knew, or should have known, of Henderson's death and the probability of a lawsuit. They insist that Campus Advantage was "under an obligation to mail to Plaintiffs a notice of receivership, how to file claims against the subject property of the receivership, and date that claims would be barred." Pls.' Resp. [12] at 2–3. Alternatively, assuming Plaintiffs were "unknown claimants," Campus Advantage should have published this information. *Id.* at 3.

As authority, they cite to one case, *Miller v. F.D.I.C.*, 738 F.3d 836 (7th Cir. 2013), but fail to elaborate as to how this case is relevant. In *Miller*, the FDIC acted as receiver for a failed bank and handled claims by account owners against the bank under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). *Id.* at 837. The FDIC mailed letters to individuals with potential claims, informing them of the claims process. *Id.* Plaintiff Miller submitted a claim, which the FDIC disallowed by written notice mailed May 18, 2010. *Id.* Miller did not receive the notice, but ultimately learned of the disallowance by phone on August 13, 2010. *Id.* He then filed an action seeking judicial review. The district court dismissed the suit because it was not filed within sixty (60) days of the decision, as provided by FIRREA. *Id.* The Seventh Circuit affirmed, agreeing that the sixty (60) day time limit began to run upon mailing of the notice, not receipt. *Id.* at 842. To the extent *Miller* suggests that a receiver has an obligation to notify individuals of the claim process, it is limited to the FDIC's responsibilities in handling claims under FIRREA. *Id.* (noting that FIRREA "establishes the procedure for the FDIC's resolution of claims against failed banks in its capacity as receiver"). In the absence of any other authority, Plaintiffs' argument is unpersuasive.

B.   Order of Receivership

Plaintiffs next argue that they have advanced claims of gross negligence in their Complaint and the Order establishing the receivership expressly excepted acts of gross negligence:

> **Receiver's Liability.**  Except in the event of *gross negligence, willful misconduct, or actions in violation of order of the Court*, Receiver has no personal liability for any obligations incurred in the course of the receivership, any and all such liabilities being limited to the assets (including the cash and cash equivalents) received and generated by Receiver in the course of the receivership, subject to the existing lien of Plaintiff, and Borrower will hold Receiver harmless except in connection with any willful misconduct or gross negligence by Receiver . . . .

Order [1-1] at 9 (emphasis added).  But, as Defendants point out, Plaintiffs are relying on the Order establishing the receivership, whereas the Order terminating the receivership and releasing liability contained no such exception.

Plaintiffs have not directed the Court to any authority suggesting that the liability provision in the Order creating the receivership would somehow trump the later-entered release in the Order terminating the receivership.  The Court's own research did not reveal any cases on point, but suggested that similar releases are common grounds for dismissal.  *See, e.g., Palladino v. United States*, No. 13-1812 (ES), 2014 WL 4896013, at *3 (D.N.J. Sept. 30, 2014) (dismissing claim of injured plaintiff against receiver in premises liability action and noting claim, which accrued post-termination, was barred by release in the court's order terminating receivership); *see also Farmers & Merchants State Bank v. Direct Scaffold Servs. Co., LLC*, Civ. No. 3:09-cv-0376, 2015 WL 796619, at *1 (M.D. Tenn. Feb. 25, 2015) (dismissing claim against receiver and noting that settlement agreement between asset-purchaser plaintiff and receiver included release of "every claim and liability, past and present, known and unknown").

Where a receiver has been discharged before an action is commenced—as is the case here—it is no longer in control of the property or funds that it was directed to manage, and it is therefore reasonable that courts would limit the liability of a receiver after termination. *See Palladino*, 2014 WL 4896013, at *2 ("Actions against [a] receiver are in law actions against the receivership or the funds in the hands of the receiver, and [its] . . . misfeasances, negligences, and liabilities are official, and not personal, and judgments against [it] as receiver are payable only from the funds in [its] hands." (alterations in original) (quoting *McNulta v. Lochridge*, 141 U.S. 327, 332 (1891)) (internal quotation marks omitted); *Nielson v. Farley*, 26 F. Supp. 948, 949 (S.D.N.Y. 1939) ("[I]t has long been recognized that suit may not be brought against [a receiver] in their official capacity after they have disposed of the property in their custody and have been fully discharged by the court that appointed them."). Accordingly, the Court finds that the Order terminating the receivership absolves Defendants of liability for the shooting.

V.   Conclusion

The Court has considered all of the arguments raised by the parties; those not addressed in this Order would not have changed the outcome. The Court finds Defendants' motion to dismiss [10] should be granted. Plaintiffs' claims against Defendants Campus Advantage, Arlando Clemons, Starvel Williams, and Quanda Odom are dismissed with prejudice.

Because this Order resolves all claims against the served defendants, this action is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of April, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE